IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) 22 CR 249-1 |
| | ) |
| | ) Hon. Sharon Johnson Coleman |
| DANILO BARJAKTAREVIC, | ) |
| Defendant | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, DANILO BARJAKTAREVIC, by and through his attorney, Matthew J. McQuaid, respectfully submits this Sentencing Memorandum to assist the Court in determining his sentence.

The Defendant mostly agrees with the guideline calculations in the presentence investigation (PSI). The Defendant objects to a two-level enhancement for multiple bribes. The Defendant is asking this Court to sentence him to a term of 3 years of probation with Probation's suggested conditions. Such a sentence would mirror Probation's recommended sentence for Mr. Barjaktarevic.

**OBJECTION TO GUIDELINES**

The Defendant agrees with the PSR's Guidelines calculation. See PSR ¶¶ 13-23, 64. The base offense level is 14 under §2E1.2(a) and § 2C1.1(c)(a)(1), because the underlying conduct violates state bribery law (720 ILCS 5/33-1(d)). U.S.S.G. § 2E1.2,

application note 2. Six levels are added under § 2C1.1(b)(2) and § 2B1.1(b)(1)(D), because the value of the payment obtained was $43,000. The Defendant has accepted a responsibility, leading to a three-level reduction. U.S.S.G. §§ 3E1.1(a), (b). The Defendant has a criminal-history category of I. PSR ¶ 21-22.

The Defendant joins the government's position regarding § 2C1.1(b)(1). Defendant does not believe that two levels should be added for multiple bribes under that guideline provision. In this case, the Defendant believes, as does the government, that the previous bribes from other taxpayers amount to relevant conduct, as those separate payments did not occur "during the commission" of the charged offense, "in preparation" for it, or "in the course" of covering it up.

The Defendant agrees with an offense level of 17 and a criminal-history category of I, and the Guidelines range is 24 to 30 months' imprisonment, plus any term of supervised release and a fine.

**ARGUMENT**

The Defendant is asking this Court for a sentence of probation with the conditions set forth in the PSR. As reflected in the PSR, Danilo has one prior conviction for driving on a suspended driver's license. He appropriately considered a category I offender. The Defendant has lived for most of his 49 years as a law-abiding citizen. He immediately accepted responsibility for his criminal behavior and began cooperating with the government from the earliest moments of the investigation. Although the

results of his cooperation did not achieve a cooperation agreement with the government, the Defendant sat for many hours of proffer sessions with the FBI and the prosecutor and answered every question asked. During those sessions, Danilo admitted to other bad decisions he made during this time unrelated to the charged scheme. He has to answer for those and to those he harmed. After this sentence is imposed, it is a virtual guarantee that he will never again pass through the criminal justice system as a defendant.

      Danilo acknowledges that his motivation to commit these acts of bribery were to obtain money. He had a salary, but he desired more. Despite the fact that he did not spend his ill-gotten gains on frivolous pursuits and unnecessary possessions, he admits his motivation was one of greed and that he stole from people. He is sincerely remorseful for harming those people and violating the position provided to him by the county. He will pay $21, 000 in restitution to the government. Along with losing his job, he will lose his pension as well.

      Danilo has regained employment and is providing for his family. He will remain employed during his term of probation, if granted, and beyond. He has a minor child at home and also provides for his wife. The Defendant acknowledges that persuasive reasons exist in this case to impose a custodial sentence. He is asking this Court for probation. As of today, Danilo works and then returns home to be with his family. He has brought shame to his name and pain to his family and friends. The fact that he is

now and forever a convicted felon is a significant and satisfactory punishment for his crimes.

## Conditions of Probation

The Defendant has no objection to any of the mandatory, discretionary or special conditions of probation set forth in the PSR.

Dated: January 11, 2023

>Respectfully submitted,
>
>s/Matthew J. McQuaid
>Attorney for Defendant

Matthew J. McQuaid
Attorney at Law
120 N. LaSalle St.
Suite 2000
Chicago, Illinois 60602
(312) 763-6289